**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SUSAN LEVY, | ) |
| Plaintiff, | ) No. 15-cv-7317-GHW |
| -against- | ) |
| | ) ORAL ARGUMENT REQUESTED |
| BASF METALS LIMITED, BASF | ) |
| CORPORATION, GOLDMAN SACHS | ) |
| INTERNATIONAL, GOLDMAN SACHS GROUP, | ) |
| INC., GOLDMAN SACHS & CO., GOLDMAN | ) |
| SACHS EXECUTION & CLEARING, LP, HSBC | ) |
| BANK USA, NA, ICBC STANDARD BANK PLC, | ) |
| UBS AG, UBS SECURITIES LLC, LONDON | ) |
| PLATINUM AND PALLADIUM FIXING | ) |
| COMPANY LTD., and John Does #1-20, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS BASF METALS LIMITED AND BASF CORPORATION'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................... 1

ARGUMENT ........................................................................................................... 2

    I.     Plaintiff Fails to Establish Personal Jurisdiction over BASF Metals. ................... 2

          A.     Plaintiff Cannot Establish General Jurisdiction Because BASF
                Metals Is Not "At Home" in New York ...................................................... 3

          B.     Plaintiff Has Not Pled Sufficient Facts to Support the Assertion of
                Specific Jurisdiction Over BASF Metals. ................................................... 4

          C.     Plaintiff Has Failed To Allege Any Grounds For Personal
                Jurisdiction Over BASF Metals Based On The Acts Of Separate
                BASF Entities. ........................................................................................... 6

    II.    Plaintiff Fails to State A Claim Against BASF Corp. ........................................... 9

CONCLUSION ...................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.*,
   No. 13 CIV. 981 PGG, 2015 WL 1514539 (S.D.N.Y. Mar. 31, 2015) ...............................4, 5

*Am. Protein Corp. v. AB Volvo*,
   844 F.2d 56 (2d Cir. 1988).............................................................................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).......................................................................................................9

*Balintulo v. Ford Motor Co.*,
   796 F.3d 160 (2d Cir. 2015)..........................................................................................7

*Ball v. Metallurgie Hoboken-Overpelt, S.A.*,
   No. 87-CV-191, 1989 WL 87418 (N.D.N.Y. July 31, 1989),
   *aff'd*, 902 F.2d 194 (2d Cir. 1990) .............................................................................7, 8

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014).................................................................................................3, 4

*Delagi v. Volkswagenwerk A.G.*,
   278 N.E. 2d 895 (N.Y. 1972)........................................................................................8

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   131 S. Ct. 2846 (2011).............................................................................................2, 3, 4

*Gucci Am., Inc. v. Weixing Li*,
   768 F.3d 122 (2d Cir. 2014)..........................................................................................3

*H. Heller & Co. v. Novacor Chemicals Ltd.*,
   726 F. Supp. 49 (S.D.N.Y. 1988),
   *aff'd sub nom. Heller & Co. v. Novacor*, 875 F.2d 856 (2d Cir. 1989) ...................................6

*In re Aluminum Warehousing Antitrust Litig.*,
   No. 13-MD-2481 KBF, 2015 WL 892255 (S.D.N.Y. Mar. 3, 2015) ...............................5

*In re Roman Catholic Diocese of Albany, N.Y., Ltd*,
   745 F.3d 30 (2d Cir. 2014)............................................................................................4

*In re Terrorist Attacks on Sept. 11, 2001*,
   714 F.3d 659 (2d Cir. 2013)..........................................................................................2

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945).......................................................................................................3

*J.L.B. Equities, Inc. v. Ocwen Fin. Corp.*,
  131 F. Supp. 2d 544 (S.D.N.Y. 2001)....................................................................8

*Jazini v. Nissan Motor Co.*,
  148 F.3d 181 (2d Cir. 1998)...............................................................................7

*Laydon v. Mizuho Bank, Ltd.*,
  No. 12 CIV 3419 GBD, 2015 WL 1515358 (S.D.N.Y. Mar. 31, 2015)..................5

*Reers v. Deutsche Bahn AG*,
  320 F. Supp. 2d 140 (S.D.N.Y. 2004)...................................................................8

*Refco Group Ltd., LLC v. Cantor Fitzgerald, L.P.*,
  No. 13 CIV 1654 RA, 2014 WL 2610608 (S.D.N.Y. June 10, 2014) .....................3

*Schenker v. Assicurazioni Generali S.p.A. Consol.*,
  No. 98–cv–9186, 2002 WL 1560788 (S.D.N.Y. July 15, 2002) ............................8

*Sonera Holding B.V. v. Cukurova Holding A.S.*,
  750 F.3d 221 (2d Cir. 2014).............................................................................2, 3

*Stratagem Dev. Corp. v. Heron Int'l N.V.*,
  153 F.R.D. 535 (S.D.N.Y. 1994) ......................................................................6, 7

*Stutts v. De Dietrich Group*,
  465 F. Supp. 2d 156 (E.D.N.Y. 2006) ..................................................................9

*Tarsavage v. Citic Trust Co., Ltd.*,
  3 F. Supp. 3d 137, 145 (S.D.N.Y. 2014)...............................................................4

*Troma Entm't, Inc. v. Centennial Pictures Inc.*,
  729 F.3d 215 (2d Cir. 2013)................................................................................2

*Walden v. Fiore*,
  134 S. Ct. 1115 (2014)........................................................................................4

**Rules**

Fed. R. Civ. P. 12(b)(2)......................................................................................1, 10

Fed. R. Civ. P. 12(b)(6)......................................................................................1, 10

**INTRODUCTION**

As set forth in Defendants' Joint Motion to Dismiss, the Complaint suffers from a variety of legal flaws that require dismissal of Plaintiff's entire action.  For reasons unique to them, the Complaint should also be dismissed as to Defendant BASF Metals Limited ("BASF Metals") for lack of personal jurisdiction pursuant to Rule 12(b)(2) and as to BASF Corporation ("BASF Corp.") for failure to state a claim under Rule 12(b)(6).

In support of its motion to dismiss Plaintiff's First Amended Complaint, BASF Metals demonstrated that because it is an entirely foreign corporation with no U.S. operations, and because all of the conduct alleged in that complaint occurred outside the U.S., BASF Metals is not subject to this Court's personal jurisdiction.  Tacitly acknowledging as much, Plaintiff's Second Amended Complaint (the "Complaint") makes the conclusory assertions that BASF Metals should be subject to personal jurisdiction based on the alleged presence and activities of its distant corporate cousins in the U.S. [1]  Such allegations hardly suffice to establish jurisdiction over BASF Metals by imputation.

Not surprisingly, the Complaint's sparse allegations about BASF Corp.—which was added as a defendant after the briefing to dismiss the original complaint in an effort to boot-strap jurisdiction over BASF Metals—are insufficient to state a claim for relief against BASF Corp. under Rule 12(b)(6).  The center-piece of the Complaint is allegedly collusive or unilateral conduct designed to rig the London Fixing Auctions for platinum and palladium.  Yet Plaintiff does not and cannot allege that BASF Corp. is, or ever was, a participating member in those London Fixing Auctions.  Rather, the best Plaintiff can do is allege that BASF Corp. provides "Precious Metals Services," such as

---

[1]   Under the heading "BASF Defendants" the Complaint refers to "BASF SE" and "BASF Catalysts LLC" as well as defendants BASF Metals Limited and BASF Corporation.  But Plaintiff has not sought summonses for, effected service of process on, or added to the caption either BASF SE or BASF Catalysts LLC.  So to the extent she intends those two entities to be parties here, her pleading is defective.  Furthermore, Plaintiff's characterization of the corporate relationships between these entities is factually incorrect.  *See* Declaration of Mary Erin Brennan, ECF No. 114; Declaration of Dr. Vasileios Vergopoulos, ECF No. 115.

serving as a "carrier, assayer and refiner of platinum and palladium," and maintaining a precious metals storage vault.  SAC ¶¶ 36-37, 41-44, 52.  In other words, whatever allegedly may have happened during the London Fixing Auctions—and there was nothing improper—BASF Corp. was not and could not have been party to it.

## ARGUMENT

### I.    Plaintiff Fails to Establish Personal Jurisdiction over BASF Metals.

"A plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit," and to survive a motion to dismiss, that plaintiff must "make a prima facie showing that jurisdiction exists." *Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 217 (2d Cir. 2013) (citation omitted).  That showing "must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (citation omitted).  In determining whether a plaintiff has met this burden, the court will not "draw argumentative inferences in the plaintiff's favor, nor must [it] accept as true a legal conclusion couched as a factual allegation." *Id*. (citations omitted).

Personal jurisdiction can be general or specific. *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014).  General jurisdiction—which exists when a corporation is essentially "at home" in the forum State—allows a court to adjudicate any and all claims against that corporation. *Id*. (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)).  Specific jurisdiction—which is established by the corporation's conduct—depends on an "affiliation between the forum and the underlying controversy," and requires an "activity or an occurrence that takes place in the forum state [that] is sufficient to subject the corporation to the State's regulation." *Id*. (quotations omitted).

2

A.    **Plaintiff Cannot Establish General Jurisdiction Because BASF Metals Is Not "At Home" in New York.**

The personal jurisdiction inquiry (whether general or specific) asks first, whether the defendant is subject to jurisdiction under the law of the forum state; and second, whether exercise of jurisdiction comports with due process.  *Sonera*, 750 F.3d at 224.  If a court determines that the exercise of personal jurisdiction is incompatible with due process—as it is here—the court need not consider whether jurisdiction would be proper under state law.  *Id*.

Due process prevents a court from exercising jurisdiction over an entity unless that entity has sufficient "minimum contacts" with the forum such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."  *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 134 (2d Cir. 2014) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

In order for a foreign entity like BASF Metals, which is formed and has its principal place of business outside the United States, to be subject to a court's general jurisdiction, that entity's affiliations and connections with the forum state must be "so constant and pervasive 'as to render [it] essentially at home in the forum State.'"  *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014) (quoting *Goodyear*, 131 S. Ct. at 2851).  "Essentially, the foreign entity must be comparable to a domestic enterprise in that State" to be subject to general jurisdiction.  *Refco Group Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13 CIV. 1654 RA, 2014 WL 2610608, at *8 (S.D.N.Y. June 10, 2014) (quotation omitted).  As to BASF Metals, the Complaint alleges nothing of the sort.

The Complaint concedes that BASF Metals is organized under the laws of the United Kingdom and maintains its principal place of business in London, England.  SAC ¶¶ 104, 110; *see also* Declaration of Dr. Vasileios Vergopoulos, ECF No. 115 ("Vergopoulos Decl."), ¶ 2.  And the Complaint does not contain a single allegation that BASF Metals has any employees, operations or contacts in New York, let alone maintains a presence here so "constant and pervasive" as to render it

"at home" here. *Daimler*, 134 S. Ct. 746, 751 (2014). Accordingly, because BASF Metals is "at home" in the United Kingdom, not New York, due process prohibits this Court from exercising general jurisdiction over it.

**B.      Plaintiff Has Not Pled Sufficient Facts to Support the Assertion of Specific Jurisdiction Over BASF Metals.**

"[S]pecific jurisdiction cases are limited to those involving 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *In re Roman Catholic Diocese of Albany, N.Y., Ltd*, 745 F.3d 30, 38 (2d Cir. 2014) (quoting *Goodyear*, 131 S. Ct. at 2851). In *Walden v. Fiore*, 134 S. Ct. 1115 (2014), the Supreme Court explained that specific jurisdiction requires that (i) "the defendant's suit-related conduct must create a substantial connection with the forum State," (ii) "the relationship must arise out of contacts that the 'defendant himself' creates with the forum State," and (iii) the contacts must be "with the forum State itself, not the defendant's contacts with persons who reside there." *Id*. at 1121-22 (citation and emphasis omitted). Because the conduct complained of here—the twice-daily London Fixing Auctions—occurred entirely outside the forum, Plaintiff must show that BASF Metals' actions were "expressly aimed" at the forum. *7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.* ("*Citigroup*"), No. 13 CIV. 981 PGG, 2015 WL 1514539, at *9 (S.D.N.Y. Mar. 31, 2015); *see also Walden*, 134 S. Ct. at 1125 ("The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way"). It is not sufficient for Plaintiff to allege that BASF Metals' conduct "incidentally had an effect in the forum, or even that effects in the forum were foreseeable." *Id.* (citing *Tarsavage v. Citic Trust Co., Ltd.*, 3 F. Supp. 3d 137, 145 (S.D.N.Y. 2014)). Plaintiff must allege facts sufficient to establish that BASF Metals "intentionally caused" an effect in New York through its conduct elsewhere. *Id.* There are no such allegations in the Complaint.

4

To the contrary, the Complaint alleges that BASF Metals was a member of the London Platinum and Palladium Fixing Company ("LPPFC") which, with the other so-called Auctioneer Defendants, allegedly conspired to manipulate the twice-daily London Fixing Auctions. SAC ¶¶ 7, 105, 158. Yet the Complaint admits that those auctions were conducted in London and were administered by LPPFC, which is organized under the laws of the United Kingdom and has its principal place of business in London. SAC ¶¶ 104, 110, 112, 497. It is also uncontroverted that the BASF Metals traders who participated in the London Fixing Auctions were located in London. SAC ¶ 11; Vergopoulos Decl. ¶ 5. As such, it cannot be said that BASF Metals targeted New York, much less "intentionally caused" an effect in New York, when sitting at home in London and participating in the twice-daily London Fixing Auctions through its London-based employees.

Plaintiff attempts to plead around the foreign nature of the Auctions by alleging that the defendants' extraterritorial activities had an effect on domestic commodities markets, claiming that "the Auction Process and the setting of prices in the Physical Markets for platinum and palladium in London caused Price Artificiality in the 2008 NYMEX Platinum contracts" (SAC ¶ 390), and that "Defendants also caused the sudden decrease and collapse of the artificially high NYMEX Platinum Market by selling off their large holdings in the Physical Market in London" (SAC ¶ 422). As numerous courts in this District have recognized in recent benchmark cases, however, such conclusory allegations of indirect price manipulation in secondary markets fail to establish that a foreign defendant "intentionally caused" an effect in New York through its foreign conduct. *See, e.g.*, *Citigroup*, 2015 WL 1514539 at *9, *11 (Gardephe, J.) (LIBOR); *Laydon v. Mizuho Bank, Ltd.*, No. 12 CIV. 3419 GBD, 2015 WL 1515358, at *4-6 (S.D.N.Y. Mar. 31, 2015) (Daniels, J.) (Euroyen-based derivatives); *In re Aluminum Warehousing Antitrust Litig.*, No. 13-MD-2481 KBF, 2015 WL 892255 (S.D.N.Y. Mar. 3, 2015) (Forrest, J.) (aluminum derivatives). Because Plaintiff

pleads no facts demonstrating that BASF Metals' participation in the London Fixing Auctions or its sales of physical platinum or palladium in the London spot market were "expressly aimed" at New York, she cannot establish specific personal jurisdiction over BASF Metals.

### C. Plaintiff Has Failed To Allege Any Grounds For Personal Jurisdiction Over BASF Metals Based On The Acts Of Separate BASF Entities.

Apparently recognizing that BASF Metals is not subject to personal jurisdiction in the U.S., Plaintiff alleges that BASF Metals should nonetheless be subject to this Court's jurisdiction based on the domestic presence of separate BASF entities. As a matter of law, there are only two circumstances where the activities of a domestic entity may be imputed to a foreign corporation like BASF Metals for purposes of personal jurisdiction. *H. Heller & Co. v. Novacor Chemicals Ltd.*, 726 F. Supp. 49, 54 (S.D.N.Y. 1988), *aff'd sub nom. Heller & Co. v. Novacor*, 875 F.2d 856 (2d Cir. 1989). The first is "that the other entity is a 'mere department' of the foreign corporation," and the second is "that the other entity acts as an agent of the foreign corporation." *Id*. Neither applies to BASF Metals.

<u>First</u>, several factors are considered when determining whether one corporation is a "mere department" of another, including "(1) common ownership; (2) financial dependency; (3) interference with a subsidiary's selection of personnel; (4) disregard for corporate formalities; and (5) control over a subsidiary's marketing and operational policies." *Stratagem Dev. Corp. v. Heron Int'l N.V.*, 153 F.R.D. 535, 546 (S.D.N.Y. 1994); *see also Am. Protein Corp. v. AB Volvo*, 844 F.2d 56, 60 (2d Cir. 1988) ("factors indicating that a parent corporation controls its subsidiary include lack of normal corporate formalities in the subsidiary's existence, under-capitalization, and personal use of the subsidiary's funds by the parent or owner"). In other words, the "mere department" test is similar to a "veil-piercing" analysis but is used in this context to impute personal jurisdiction from one entity to another rather than to establish that one entity is the alter ego of another. It is well

settled, however, the corporate veil will be pierced "only in extraordinary circumstances." *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 168 (2d Cir. 2015).  This is not an extraordinary circumstance.

Plaintiff alleges, in conclusory fashion, that "the distinct corporate forms" of "BASF Corp., BASF Catalysts Division and BASF Metals Limited . . . require veil piercing" because they all "provide Precious Metals Services on a worldwide basis" and "have been engaging in the same business and sharing profits."[2] SAC ¶ 53.  Courts routinely reject such allegations as insufficient to satisfy the "mere department" test or to otherwise pierce the corporate veil for personal jurisdiction purposes.  *See, e.g., Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185-86 (2d Cir. 1998) (declining to find jurisdiction over a Japanese corporation with a U.S. subsidiary despite annual report statements that it "need[ed] to become a truly global company" and wanted "each part of our global operations, and this includes Japan, to focus on contributing to the company as a whole."); *Stratagem Dev. Corp. v. Heron Int'l N.V.*, 153 F.R.D. 535, 546 (S.D.N.Y. 1994) (parent's reference to "integrated operations" among different international offices, regular reports to parent on subsidiary's business, and an organizational chart assigning an employee of the parent "responsibility" for the subsidiary were collectively insufficient to make the subsidiary a "mere department.").

Second, the Complaint's alternative but equally conclusory claim that "BASF Corp., BASF Catalysts Division and BASF Metals Limited are all agents of each other to provide Precious Metals Services globally," SAC ¶ 54, likewise is insufficient to establish personal jurisdiction over BASF Metals.  Before a court can assert jurisdiction over a foreign corporation on the grounds that it is doing business in the forum through an alleged agent, "a true agency must be found between the two corporations—an agency marked by the usual trappings of control and fiduciary obligations." *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, No. 87-CV-191, 1989 WL 87418, at *5 (N.D.N.Y. July 31,

---

[2]    Plaintiff's use of "BASF Catalysts Division" refers to BASF Catalysts LLC, which the Complaint alleges to be organized under the laws of Delaware.  SAC ¶ 40.

1989), *aff'd*, 902 F.2d 194 (2d Cir. 1990).  In order to show the requisite level of control, Plaintiff must demonstrate that "there was in existence at least a ***parent-subsidiary relationship***" between the foreign corporation and its alleged agent.  *Id*. at *5 (quoting *Delagi v. Volkswagenwerk A.G.*, 278 N.E. 2d 895, 897 (N.Y. 1972)) (emphasis added).  And even where a parent-subsidiary relationship exists, the plaintiff must show that (a) "the agent is primarily employed by the defendant and not engaged in similar services for other clients," *Reers v. Deutsche Bahn AG*, 320 F. Supp. 2d 140, 152 (S.D.N.Y. 2004) (quotation omitted); (b) that the "subsidiary does all the business which the parent could do were it here by its own officials," *J.L.B. Equities, Inc. v. Ocwen Fin. Corp.*, 131 F. Supp. 2d 544, 549 (S.D.N.Y. 2001) (quotations omitted); ***and*** (c) the agent's services must be "sufficiently important to the foreign entity that the corporation itself would perform equivalent services if no agent were available," *Reers*, 320 F. Supp. 2d at 151.

Here, there is no parent-subsidiary relationship between BASF Metals and its alleged "agents," BASF Corp. and BASF Catalysts Division.  Vergopoulos Decl. ¶¶ 3, 7.  And in any event, the Complaint acknowledges that BASF Corp. and BASF Catalysts Division are engaged in their own, independent businesses in the U.S., including operating a precious metals storage vault (SAC ¶ 37) and acting as an assayer and refiner of platinum and palladium (SAC ¶ 52).  These operations are distinct from the business of BASF Metals, which, per the Complaint, is an LPPFC member that participates in the London Fixing Auctions and "conducts proprietary trading in platinum and palladium markets" in London.  SAC ¶ 46.  Finally, the corporate websites cited by Plaintiff to show that BASF Metals, BASF Corp. and BASF Catalysts Division all provide "Precious Metals Services" also are insufficient to establish an agency relationship between and among these separate corporate entities for personal jurisdiction purposes.  *See, e.g., Schenker v. Assicurazioni Generali S.p.A. Consol.*, No. 98–cv–9186, 2002 WL 1560788, at *7 (S.D.N.Y. July 15, 2002) (identification

of subsidiaries on corporate website not enough to establish agency) (abrogated on other grounds by *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81 (2d Cir. 2013)); *Stutts v. De Dietrich Group,* 465 F. Supp. 2d 156, 163 (E.D.N.Y. 2006) (corporate website referring to "partner" entity and showing identical product lists is insufficient to establish jurisdiction).

## II.     Plaintiff Fails to State A Claim Against BASF Corp.

To survive a motion to dismiss, a complaint must set forth "sufficient factual matter" to state a facially plausible claim to relief against each defendant. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Here, the totality of the factual allegations against BASF Corp. are that it provided "Precious Metals Services" including "maintain[ing] a storage vault in Union, New Jersey that has precious metals inventories" (SAC ¶ 37); that it is a "carrier, assayer, and refiner of platinum and palladium" (SAC ¶ 52); that it "maintains [its] own benchmark for pricing platinum and palladium called the EIB or (Engelhard Industrial Bullion)" (*stet*) (SAC ¶ 47); and that it allegedly "held" NYMEX futures contracts purchased by BASF Metals (SAC ¶ 333). The Complaint fails to allege or explain how any of this supposed conduct by BASF Corp., even if credited, had anything to do with Plaintiff's claims for relief or her alleged injury. The mere fact that BASF Corp. allegedly refines, stores, and sells platinum and palladium or, like Plaintiff and countless other investors, held NYMEX futures contracts, cannot plausibly sustain an inference that BASF Corp. was involved in a conspiracy to manipulate the London Fixing Auctions, which is the gravamen of this case. This is particularly true given that BASF Corp. is *not* alleged to have participated in the London Fixing Auctions, is *not* alleged to have managed or served as a member of the LPPFC, and is *not* alleged to have communicated orally or in writing with any other Defendant about anything, let alone manipulation of the London Fixing Auctions.

## CONCLUSION

For these reasons, the Complaint should be dismissed as to BASF Metals for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  The Complaint should also be dismissed as to BASF Corp. for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).


Dated:  August 31, 2016
        New York, New York

                                          Respectfully submitted,

                                           *Joseph Serino Jr.*
                                          Joseph Serino, Jr., P.C.
                                          KIRKLAND & ELLIS LLP
                                          601 Lexington Avenue
                                          New York, NY 10022
                                          Tel: (212) 446-4913
                                          Fax: (212) 446-6460
                                          jserino@kirkland.com

                                          Michael A. Glick
                                          KIRKLAND & ELLIS LLP
                                          655 Fifteenth Street, N.W.
                                          Washington, D.C. 20005
                                          Tel: (202) 879-5218
                                          Fax: (202) 654-9431
                                          michael.glick@kirkland.com

                                          *Attorney for Defendants*
                                          *BASF Metals Limited and*
                                          *BASF Corporation*