EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

UNITED STATES OF AMERICA          :

                              Crim. No.

   - v. -                                        :

                            VIOLATIONS:

UBS AG,                                           :          18 U.S.C. §§ 1343 & 2

     Defendant.                             :

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

## PLEA AGREEMENT

The United States of America, by and through the Fraud Section (the "Fraud Section") of the Criminal Division of the United States Department of Justice (the "Criminal Division"), and UBS AG ("defendant" or "UBS"), by and through its undersigned attorneys, and through its authorized representative, pursuant to authority granted by UBS's Board of Directors, hereby submit and enter into this plea agreement (the "Agreement"), pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The terms and conditions of this Agreement are as follows:

### The Defendant's Agreement

1.    UBS agrees to knowingly waive indictment and plead guilty to a one-count criminal Information charging that, on or about June 29, 2009, in furtherance of a scheme to defraud counterparties to interest rate derivatives transactions by secretly manipulating benchmark interest rates to which the profitability of those transactions was tied, UBS transmitted or caused the transmission of electronic communications in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1343 and 2. UBS is subject to prosecution for this conduct based on the Criminal Division's determination that UBS breached

1

the Non-Prosecution Agreement ("NPA") entered into between UBS and the Fraud Section on December 18, 2012, relating to UBS's submissions of benchmark interest rates, including the London InterBank Offered Rate ("LIBOR"), the Euro Interbank Offered Rate ("EURIBOR"), and the Tokyo InterBank Offered Rate ("TIBOR") (collectively, the "IBOR conduct"). The factual basis for the breach of the NPA is set forth in Exhibit 1 attached hereto. UBS further agrees to persist in that plea through sentencing and, as set forth below, to adhere to all provisions of this Agreement.

2.      This Agreement is binding on the Criminal Division and UBS but specifically does not bind any other component of the Department of Justice (the "Department"), other federal agencies, or any state, local or foreign law enforcement or regulatory agencies, or any other authorities, although the Criminal Division will bring the cooperation of UBS, its affiliates and subsidiaries, and its compliance with its other obligations under this Agreement to the attention of such agencies and authorities if requested to do so by UBS.

3.      UBS agrees that this Agreement will be executed by an authorized corporate representative. UBS represents that a resolution duly adopted by UBS's Board of Directors is attached to this Agreement as Exhibit 2 and represents that the signatures on this Agreement by UBS and its counsel are authorized by UBS's Board of Directors, on behalf of UBS.

4.      UBS agrees that it has the full legal right, power, and authority to enter into and perform all of its obligations under this Agreement.

5.      UBS agrees to abide by all terms and obligations of this Agreement as described herein, including, but not limited to, the following:

a.      To plead guilty as set forth in this Agreement.

2

b.    To abide by all sentencing stipulations contained in this

Agreement.

c.    To appear, through its duly appointed representatives, as ordered for all court appearances, and obey any other ongoing court order in this matter.

d.    To commit no further federal crimes.

e.    To be truthful at all times with the Court.

f.    To pay the applicable fine and special assessment.

6.    UBS agrees that in the event UBS sells, merges, or transfers all or substantially all of its business operations as they exist as of the date of this Agreement, whether such sale(s) is/are structured as a stock or asset sale, merger, or transfer, UBS shall include in any contract for sale, merger, or transfer a provision fully binding the purchaser(s) or any successor(s) in interest thereto to the obligations described in this Agreement.

7.    UBS shall continue to cooperate fully with the Criminal Division and other law enforcement and regulatory authorities and agencies, subject to applicable law and regulations, in any investigation of UBS, its affiliates or subsidiaries, or any of its present or former officers, directors, employees, agents, and consultants, or any other party, in any and all matters relating to: (a) the manipulation of any benchmark interest rates; (b) manipulation of, or fraud in, the foreign exchange spot and precious metals markets, or in connection with UBS's V10 Currency Indices; and (c) violations of United States laws concerning fraud or governing securities or commodities markets, about which UBS has any knowledge and about which the Criminal Division shall inquire. The obligations under this Paragraph shall continue until the end of the term of any probation imposed by the Court. In the event any matter as described above in this Paragraph commences during the period of any probation, UBS's cooperation

3

obligation with respect to that matter will continue for its duration. UBS agrees that its cooperation pursuant to this Paragraph shall include, but not be limited to, the following, all subject to applicable law and regulations:

a.     UBS shall truthfully disclose all factual information not protected by a valid claim of privilege or regulatory protection, including the attorney-client privilege and work product doctrine with respect to its activities, those of its affiliates and subsidiaries, and those of its present and former directors, officers, employees, agents, and consultants, including any evidence or allegations and internal or external investigations, about which UBS has any knowledge and about which the Criminal Division may inquire. This obligation of truthful disclosure includes, but is not limited to, the obligation of UBS to provide to the Criminal Division, upon request, any document, record or other tangible evidence about which the Criminal Division may inquire of UBS.

b.     Upon request of the Criminal Division, UBS shall designate knowledgeable employees, agents or attorneys to provide to the Criminal Division the information and materials described in Paragraph 7(a) above on behalf of UBS. It is further understood that UBS must at all times provide complete, truthful, and accurate information.

c.     UBS shall use its best efforts to make available for interviews or testimony, as requested by the Criminal Division, present or former officers, directors, employees, agents and consultants of UBS. This obligation includes, but is not limited to, sworn testimony before a federal grand jury or in federal trials, as well as interviews with other law enforcement and regulatory authorities. Cooperation under this Paragraph shall include identification of witnesses who, to the knowledge of UBS, may have material information regarding the matters under investigation.

4

    d.  With respect to any information, testimony, documents, records or other tangible evidence provided to the Criminal Division pursuant to this Agreement, UBS consents to any and all disclosures, subject to applicable law and regulations, to other governmental authorities of such materials as the Criminal Division, in its sole discretion, shall deem appropriate.

    8.  In addition to the obligations in Paragraph 7, during any term of probation imposed by the Court, should UBS learn of credible information regarding a violation of U.S. federal criminal law (a) concerning fraud or (b) governing the securities or commodities markets, UBS shall, subject to applicable law and regulations, promptly report such credible information to the Criminal Division.

    9.  UBS agrees that any fine or restitution imposed by the Court will be due and payable within ten (10) business days of sentencing, and UBS will not attempt to avoid or delay payments. UBS further agrees to pay the Clerk of the Court for the United States District Court for the District of Connecticut the mandatory special assessment of $400 within ten (10) business days from the date of sentencing.

## Public Statements by UBS

    10.  UBS acknowledges that certain of its employees committed criminal conduct that violated the NPA.

    11.  UBS expressly agrees that it shall not, through present or future attorneys, officers, directors, employees, agents or any other person authorized to speak for UBS make any public statement, including in litigation, contradicting its acceptance of responsibility for the conduct set forth in Exhibit 3, or contradicting the facts set forth in Exhibit 1. Any such contradictory statement shall, subject to cure rights of UBS described below, constitute a breach

of this Agreement. The decision as to whether any contradictory public statement by any person will be imputed to UBS for the purpose of determining whether it has breached this Agreement shall be at the sole discretion of the Criminal Division. If the Criminal Division determines that a public statement by any such person contradicts in whole or in part the conduct contained in Exhibit 3 or the facts set forth in Exhibit 1, the Criminal Division shall so notify UBS, and UBS may avoid a breach of this Agreement by publicly repudiating such statement(s) within five (5) business days after notification. UBS shall be permitted to raise defenses and to assert affirmative claims in other proceedings relating to the matters set forth in Exhibit 1 or Exhibit 3 provided that such defenses and claims do not contradict, in whole or in part, its acceptance of responsibility for the conduct set forth in Exhibit 3 or contradicting the facts set forth in Exhibit 1. This Paragraph does not apply to any statement made by any present or former officer, director, employee, or agent of UBS in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on behalf of UBS.

12.     UBS agrees that if it or any of its affiliates or subsidiaries issues a press release or holds a press conference in connection with this Agreement, UBS shall first consult with the Criminal Division to determine: (a) whether the text of the release or proposed statements at any press conference are true and accurate with respect to matters between the Criminal Division and UBS; and (b) whether the Criminal Division has any objection to the release.

## The Criminal Division's Agreement

13.     In exchange for UBS's guilty plea and UBS's complete fulfillment of all of its obligations under this Agreement, the Criminal Division agrees that it will not file additional criminal charges against UBS or any of its affiliates or subsidiaries, relating to: (a) any

of the conduct described in Exhibit 3 (previously marked as Appendix A to the NPA); (b) UBS's

submissions for the additional benchmark rates listed in Appendix C to the NPA; (c)

information disclosed by UBS to the Criminal Division prior to the date of this Agreement

relating to foreign exchange spot trading markets; (d) information disclosed by UBS to the

Criminal Division prior to the date of this Agreement relating to precious metals trading markets;

and (e) information disclosed by UBS to the Criminal Division prior to the date of this

Agreement relating to UBS's V10 Currency Indices. This Paragraph does not provide any

protection against prosecution of UBS for any conduct that occurs after execution by the parties

of this Agreement.  This Paragraph does not provide any protection against prosecution of UBS

for any other product, activity, service or market, and does not apply to: (a) any acts of

subornation of perjury (18 U.S.C. § 1622), making a false statement (18 U.S.C. § 1001),

obstruction of justice (18 U.S.C. § 1503, et seq.), contempt (18 U.S.C. §§ 401-402), or

conspiracy to commit such offenses; (b) civil matters of any kind; or (c) any violation of the

federal tax laws or conspiracy to commit such offenses.  This Agreement does not close or

preclude the investigation or prosecution of any natural persons, including any officers, directors,

employees, agents, or consultants of UBS.

### Factual Basis

14.     UBS is pleading guilty because it is guilty of the charge contained in the

Information.  UBS admits, agrees, and stipulates that the factual allegations set forth in the

Information are true and correct, that it is responsible for the acts of its present and former

officers and employees described in Exhibit 3, and that Exhibit 3 accurately reflects UBS's

IBOR conduct.

## UBS's Waiver of Rights, Including the Right to Appeal

15.     Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. UBS expressly warrants that it has discussed these rules with its counsel and understands them. Solely to the extent set forth below, UBS voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Specifically, UBS understands and agrees that any statements that it makes in the course of its guilty plea or in connection with the Agreement are admissible against it for any purpose in any U.S. federal criminal proceeding if, even though the Criminal Division has fulfilled all of its obligations under this Agreement and the Court has imposed the agreed-upon sentence, UBS nevertheless attempts to withdraw its guilty plea.

16.     UBS knowingly, intelligently, and voluntarily waives its right to appeal its conviction in this case. UBS similarly knowingly, intelligently, and voluntarily waives the right to appeal the sentence imposed by the Court in accordance with Federal Rule of Criminal Procedure 11(c). In addition, UBS knowingly, intelligently, and voluntarily waives the right to bring any collateral challenge, including challenges pursuant to Title 28, United States Code, Section 2255, challenging either the conviction, or the sentence imposed in this case. Nothing in this Paragraph, however, will act as a bar to UBS perfecting any legal remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. UBS waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this Agreement is signed in the event that: (a) the conviction is later vacated for any reason; (b) UBS violates this

8

Agreement; or (c) UBS's guilty plea is later withdrawn, provided such prosecution is brought within one year of any such vacation of conviction, violation of agreement, or withdrawal of plea plus the remaining time period of the statute of limitations as of the date that this Agreement is signed. The Criminal Division is free to take any position on appeal or any other post-judgment matter. UBS also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

17.     UBS has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. UBS has thoroughly reviewed this Agreement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charge, and the nature and range of possible sentences.
UBS understands that by entering into this Agreement, UBS surrenders certain rights as provided in this Agreement. UBS understands that the rights of criminal defendants include the following:

      a.     The right to indictment by a grand jury.

      b.     The right to plead not guilty and to persist in that plea.

      c.     The right to a jury trial.

      d.     The right to be represented by counsel.

      e.     The right at trial to confront and cross-examine adverse witnesses, to testify and present evidence, and to compel the attendance of witnesses.

9

## Penalty

18.     The statutory maximum sentence that the Court can impose for a violation

of Title 18, United States Code, Section 1343, if the violation affects a financial institution, is a

fine of $1 million, see 18 U.S.C. § 3571(c)(1), or twice the gross pecuniary gain or gross

pecuniary loss resulting from the offense, whichever is greatest, see 18 U.S.C. § 3571(d); not less

than one nor more than five years of probation, see 18 U.S.C. § 3561(c)(1); and a mandatory

special assessment of $400. see 18 U.S.C. § 3013(a)(2)(B).

## Sentencing Recommendation

19.     Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Criminal Division and UBS

agree that the appropriate disposition of this case is, and agree to recommend jointly that the

Court impose: (a) a sentence requiring UBS to pay to the United States a criminal fine in the

amount of $203 million, pursuant to 18 U.S.C. § 3571(d), payable to the Clerk of Court, United

States District Court for the District of Connecticut, within ten (10) business days after the date

of judgment; (b) no order of restitution, pursuant to 18 U.S.C. § 3663A(c)(3), as the number of

identifiable victims is so large as to make restitution impracticable and determining complex

issues of fact related to the cause or amount of victims' losses would complicate or prolong the

sentencing process to a degree that the need to provide restitution to any victim is outweighed by

the burden on the sentencing process; and (c) a term of probation of 3 years (collectively, the

"Recommended Sentence"). The Recommended Sentence, and the discretionary decision by the

Criminal Division not to impose a monitor on UBS, is based, in part, on the following:

a.     UBS's cooperation in the Department's investigation of criminal

conduct in connection with the foreign exchange market, which included, but was not limited to,

commencing an internal investigation, reporting the conduct to the Department, assisting and

facilitating interviews of current and former UBS employees, in the United States and abroad, frequent communication with the Department, and disclosing many of the facts set forth in Exhibit 1.

        b.    UBS's ongoing efforts to undertake measures to improve its risk management and control processes across the bank, as well as UBS's commencement of remedial action to strengthen the internal controls and policies relating to foreign exchange benchmarks and internal and external communications by traders, its continuing to undertake remedial action, and UBS's committing significant resources to improving the business practices and associated controls relating to its foreign exchange operations.

        c.    UBS's senior management and the Board of Directors taking important steps to promote changes to the culture and values across its business.

    20.    The parties agree not to seek at the sentencing hearing any sentence other than the sentence recommended in Paragraph 19. The parties further agree that the Recommended Sentence set forth in this Agreement is reasonable, and that the recommended fine amount of $203 million is appropriate under 18 U.S.C. § 3553(a). In addition:

        a.    UBS acknowledges that no tax deduction may be sought in connection with the payment of the $203 million fine.

        b.    UBS will be ordered by the Court to pay a special assessment of $400, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

        c.    The term of probation included as part of the Recommended Sentence should include at least the following provisions:

        i.    UBS shall not commit another federal crime during the term of probation;

11

ii.     UBS shall continue to implement a compliance program

designed to prevent and detect, or otherwise remediate, the conduct set forth in Exhibit 1 and

Exhibit 3 throughout its operations including those of its affiliates and subsidiaries, and shall

provide annual reports to the probation officer and the Criminal Division on its progress in

implementing the program, the first such report being due one year after entry of judgment.

Such reports will likely include proprietary, financial, confidential, and competitive business

information, and public disclosure of the reports could discourage cooperation, impede pending

or potential government investigations, and thus undermine the objective of the Criminal

Division in obtaining such reports. For these reasons, among others, the reports and the contents

thereof are intended to remain and shall remain nonpublic, except as otherwise agreed to by the

parties in writing, or except to the extent that the Criminal Division determines in its sole

discretion that disclosure would be in furtherance of the Criminal Division's discharge of its

duties and responsibilities or is otherwise required by law;

iii.     UBS shall continue to strengthen its compliance program

and internal controls as required by the U.S. Commodity Futures Trading Commission, the

United Kingdom's Financial Conduct Authority, Swiss regulator FINMA and any other

regulatory or enforcement agencies in connection with resolutions involving conduct in foreign

exchange markets or IBOR conduct, and shall include in its report to the probation officer and

the Criminal Division, as referenced in Paragraph 16(c)(ii), upon request, information regarding

its implementation of any compliance requirements set forth by such agencies in connection with

resolutions involving conduct in foreign exchange markets or IBOR conduct . Moreover, UBS

agrees that it has no objection to any regulatory agencies providing to the Criminal Division any

information or reports generated by such agencies in connection with resolutions involving

12

conduct in foreign exchange markets or IBOR conduct. Such information and reports will likely include proprietary, financial, confidential, and competitive business information, and public disclosure of the information and reports could discourage cooperation, impede pending or potential government investigations, and thus undermine the objective of the Criminal Division in obtaining such reports. The Criminal Division will take reasonable steps to maintain the confidentiality of these documents to the extent necessary to comply with law or applicable policy. For these reasons, among others, the information and reports and the contents thereof are intended to remain and shall remain nonpublic, except as otherwise agreed to by the parties in writing, or except to the extent that the Criminal Division determines in its sole discretion that disclosure would be in furtherance of the Criminal Division's discharge of its duties and responsibilities or is otherwise required by law.

21.     For purposes of sentencing, including but not limited to the Court's consideration of the Recommended Sentence set forth and proposed in Paragraph 19 above, UBS admits, agrees, and stipulates that the statements set forth in Exhibit 3 are true and correct, and that it is responsible for the acts of its present and former officers and employees described in Exhibit 3.

22.     This agreement is presented to the Court pursuant to Fed. R. Crim. P. 11(c)(1)(C). UBS understands that, if the Court rejects this Agreement, the Court must: (a) inform the parties that the Court rejects the Agreement; (b) advise UBS's counsel that the Court is not required to follow the Agreement and afford UBS the opportunity to withdraw its plea; and (c) advise UBS that if the plea is not withdrawn, the Court may dispose of the case less favorably toward UBS than the Agreement contemplated. UBS further understands that if the Court

13

refuses to accept any provision of this Agreement neither party shall be bound by the provisions of the Agreement.

23. Except as set forth in this Agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

24. To the extent that this Agreement triggers regulatory exclusions, disqualifications or penalties, the Criminal Division agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such action, or any waiver or exemption therefrom, of the fact, manner, and extent of the cooperation of UBS, and its affiliates and subsidiaries, concerning the "IBOR" and foreign exchange matters, and the relevant facts regarding the charged conduct as a matter for that agency to consider before determining what action, if any, to take. The triggering of any such regulatory exclusions, disqualifications or penalties by other governmental agencies does not entitle UBS to withdraw its plea or otherwise be released from any of its obligations under this Agreement.

## Breach of Agreement

25. UBS agrees that if it or any of its affiliates or subsidiaries fails to provide full, truthful and continuing cooperation as defined in Paragraph 7 of this Agreement or otherwise violates any provision of this Agreement, the Criminal Division may, in its sole discretion, declare such conduct to constitute a breach of this Agreement. In the event of such a breach: (a) the Criminal Division will be free from its obligations under the Agreement and may take whatever position it believes appropriate as to the sentence; (b) UBS will not have the right to withdraw its guilty plea; (c) UBS shall be fully subject to criminal prosecution for any other crimes that it has committed or might commit, if any, including perjury and obstruction of justice; and (d) the Criminal Division will be free to use against UBS, directly and indirectly, in

14

any criminal or civil proceeding any of the information or materials provided by UBS pursuant to this Agreement, as well as the Statement of Facts attached as Exhibit 3 and the Factual Basis for Breach attached as Exhibit 1.

26.    In the event of a breach of this Agreement by UBS, if the Criminal Division elects to pursue criminal charges or any civil or administrative action that was not filed as a result of this Agreement, then:

a.    UBS agrees that, as to the Criminal Division, any applicable statutes of limitation relating to conduct set forth in this Agreement, Exhibit 1 or Exhibit 3 are tolled between the date of UBS's signing of this Agreement and the discovery by the Criminal Division of any breach by UBS plus one year.

b.    UBS agrees that, as to the Criminal Division, the statute of limitations as to any violation of U.S. federal criminal law (a) concerning fraud or (b) governing the securities or commodities markets that occurs during any term of probation imposed by the Court will be tolled from the date upon which the violation occurs until the date upon which the Criminal Division is made aware of the violation.

c.    UBS gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution or action, except to the extent that such defenses existed as of the date of the signing of this Agreement.

27.    UBS's decision to enter into this Agreement and to enter a plea of guilty was freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Agreement. The Criminal

15

Division has made no promises or representations to UBS as to whether the Court will accept or reject the recommendations contained within this Agreement.

28.    UBS will immediately file an application for a prohibited transaction exemption with the United States Department of Labor ("DoL") requesting that UBS, its subsidiaries, and affiliates be allowed to continue to be qualified as a Qualified Professional Asset Manager pursuant to Prohibited Transactions Exemption 84-14 (the "QPAM Exemption"). UBS will seek such exemption in the form and manner that permits such exemption to be considered in the most expeditious manner possible, and will provide all information requested of it by DoL in a timely manner. The decision regarding whether or not to grant an exemption, temporary or otherwise, is committed to DoL, and the Offices take no position on whether or not an exemption should be granted. If DoL denies the exemption, or takes any other action adverse to UBS, UBS may not withdraw its plea or otherwise be released from any of its obligations under the Plea Agreement. The Criminal Division agrees that it will support a motion or request by UBS that sentencing in this matter be adjourned until DoL has issued a ruling on UBS's request for an exemption, temporary or otherwise, so long as UBS is proceeding with the DoL in an expeditious manner

## **Complete Agreement**

29.    This Agreement sets forth all the terms of the agreement between UBS and the Criminal Division. No amendments, modifications or additions to this Agreement shall be valid unless they are in writing and signed by the Criminal Division, the attorneys for UBS and a duly authorized representative of UBS.

30.    UBS is entering into a separate Cooperation and Non-Prosecution Agreement with the Antitrust Division of the Department of Justice relating to foreign exchange

16

antitrust offenses. The Cooperation and Non-Prosecution Agreement with the Antitrust Division

is contingent on the Court's sentencing of UBS to the Recommended Sentence in this

Agreement.

**AGREED:**

**FOR UBS AG:**

Date: _5/20/2015_

By: _____

JAMES B. FUQUA
General Counsel
Investment Bank Americas

Date: _5-20-15_

By: _____

DAVID P. BURNS, ESQ.
Gary R. Spratling, Esq.
F. Joseph Warin, Esq.
D. Jarrett Arp, Esq.
Gibson, Dunn & Crutcher LLP

**FOR THE DEPARTMENT OF JUSTICE, CRIMINAL DIVISION, FRAUD SECTION:**

ANDREW WEISSMANN
Chief, Fraud Section
Criminal Division
United States Department of Justice

Date: _5/20/15_

By: _____

SANDRA L. MOSER,
ASSISTANT DEPUTY CHIEF
Daniel A. Braun, Deputy Chief
Benjamin D. Singer, Deputy Chief
Albert B. Stieglitz, Assistant Deputy Chief
Melissa T. Aoyagi, Trial Attorney
Gary A. Winters, Trial Attorney

18