USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/06 /2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                         :
SUSAN LEVY,                                     :
                                                        :
                                    Plaintiff,  :                 1:15-cv-7317-GHW
                                                        :
                       -v -                           :                 MEMORANDUM OPINION
                                                        :                      AND ORDER
BASF METALS LIMITED, BASF                    :
CORPORATION, GOLDMAN SACHS           :
INTERNATIONAL, GOLDMAN SACHS          :
GROUP, INC., GOLDMAN SACHS & CO. INC., :
GOLDMAN SACHS EXECUTION &             :
CLEARING, LP, HSBC BANK USA, NA, ICBC :
STANDARD BANK PLC, UBS AG, UBS         :
SECURITIES LLC, LONDON PLATINUM AND :
PALLADIUM FIXING COMPANY LTD., and    :
JOHN DOES #1-40,                            :
                                                        :
                                                Defendants.  :
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

On June 9, 2017, the Court issued an opinion and order granting Defendants' motion to dismiss Plaintiff Susan Levy's Second Amended Complaint ("SAC"). Dkt. No. 170. On June 23, 2017, Plaintiff filed a motion for reconsideration of that opinion and order. Dkt. No. 171 ("Pl.'s Mot.").[1] Defendants' submitted an opposition on July 7, 2017. Dkt. No. 172. Plaintiff filed a reply in support of her motion for reconsideration on July 14, 2017. Dkt. No. 173 ("Pl.'s Reply").

Motions for reconsideration are governed by Local Rule 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked." "Motions for reconsideration are . . . committed to the sound discretion of the district court." *Immigrant Def. Project v. U.S. Immigration and Customs Enforcement*, No. 14-cv-6117 (JPO), 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (citing cases). "Reconsideration of a previous order by

---

[1] Plaintiff's motion was re-filed on the docket as Dkt. No. 184.

the Court is an extraordinary remedy to be employed sparingly." *Ortega v. Mutt*, No. 14-cv-9703 (JGK), 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)). As such, reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2016) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)) (internal quotation marks omitted).

Plaintiff has not identified any grounds for reconsideration of the Court's order. Her arguments concerning the discovery accrual rule and the relevance of inquiry notice are unavailing, as the Court determined that Plaintiff had *actual* notice of her injury as early as 2008. Plaintiff does not point to any new facts or controlling law that the Court overlooked in reaching this conclusion. In addition, Plaintiff's insistence that she is entitled to equitable tolling does not persuade the Court that it overlooked the relevant law in determining that, as a matter of fairness, Plaintiff is not entitled to tolling of her claims when she had actual notice of her injury seven years prior to filing her lawsuit.

Finally, Plaintiff's contention that she "did not think that she even needed to address" the legal issues that formed the basis of the Court's decision is not a grounds for reconsideration. Pl.'s Reply at 3. While Ms. Levy is proceeding *pro se* in this action, she is an attorney, and is therefore not entitled to the special solicitude afforded to non-attorney *pro se* litigants. *See Gundlach v. IBM Japan, Ltd.*, 983 F. Supp. 2d 389, 393 (S.D.N.Y. 2013), *aff'd sub nom. Gundlach v. Int'l Bus. Machs. Inc.*, 594 F. App'x 8 (2d Cir. 2014). Accordingly, Plaintiff's motion for reconsideration is DENIED.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 184.

SO ORDERED.

Dated: October 6, 2017  
New York, New York

                                          GREGORY H. WOODS  
                                          United States District Judge